# Blanton *v.* Blanton.

## *Divorce.*

(Decided January 14, 1915.  67 South. 1000.)

1. *Divorce; Bill; Sufficiency.*—Where the bill of complainant merely averred that the respondent, her husband, obtained a certificate that she was crazy so as to get rid of her, it will not be dismissed on the ground that she was incapacitated and could not sue.

2. *Same.*—Where a bill for divorce fairly apprised the court and the respondent of the grievances by direct averments, it is not subject to demurrer for tautology, or to a motion to dismiss although it did not exactly comply with the provisions of section 3094, Code 1907.

APPEAL from Lamar Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by Mollie Blanton against John Blanton for divorce. From a decree overruling demurrer and motion to strike the bill, respondent appeals. Affirmed.

RAY & COONER, for appellant.

WALTER NESMITH, for appellee.

SAYRE, J.—(1) Appellant moved to dismiss appellee's bill for divorce upon the ground that it therein appeared that appellee was insane, and for that reason could not maintain her bill. The bill, in its original shape, did not show appellee's incapacity. It was the evident purpose of the bill to charge that appellant falsely pretended that appellee was crazy, and the inference is that he did this in order to have some excuse for getting rid of her. The averment is that appellant obtained a "certificate that she was crazy." From what source or authority the certificate was obtained is not averred, and hence it does not appear that it afforded any competent evidence that appellee was insane or in any degree mentally deranged. The fact, which appellee intended to get before the court in some sort, was proper for consideration, along with other wrongs catalogued in the bill, and there was no error in refusing to dismiss the bill on the ground stated by appellant.

(2) In holding that the motion to strike the bill on the ground, in substance, that it was not framed with as much brevity as consisted with perspicuity and a presentation of appellee's case in an intelligible form, and that it was "sadly overburdened with elocution and tautology," was overruled without error. We will not be understood as affirming that the bill is a model of perspicuous brevity in accord with the letter of section 5322, which applies to complainants at law, nor even that it nicely measures up to the requirements of a bill in equity according to section 3094 of the Code, which provides that: "The bill must contain a clear

and orderly statement of the facts on which the suit is founded, without prolixity or repetition."

It apprised the court of appellee's grievances by direct averments, made with a fair degree of order, and the court committed no error in entertaining it in its shape.

We are also of opinion that the demurrer to the amended bill as a whole, and to divers parts thereof, was properly overruled. Further discussion of the bill and the objections taken against it would be unprofitable. There was no error, and the decree below is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and DE GRAFFENRIED, JJ., concur.